UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

TREVONNE KING and GREGORY KING,
Plaintiffs,

Case No. 26 CV 3446

-against-

**COMPLAINT**

THE CITY OF NEW YORK, P.O. KYLE P. JOSEPH [TAX REG. #980636], and JOHN DOE AND JANE DOE #1-15 (the names John and Jane Doe being fictitious, as the true names are presently unknown),
Defendants.

JURY DEMAND

---------------------------------------------------------------------X

Plaintiffs, TREVONNE KING and GREGORY KING, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Kyle P. Joseph [Tax Reg. #980636], and John Doe and Jane Doe #1-15 (collectively, "defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their notice(s) of claim in compliance with N.Y. Gen. Mun. Law §50-e.

5. At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

THE PARTIES

6. Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant P.O. Kyle P. Joseph [Tax Reg. #980636] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendants John Doe and Jane Doe #1-15 ("Doe defendants") were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11. Defendants Joseph and Doe defendants are collectively referred to herein as "defendant officers".

12. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On or about August 17, 2025, at approximately 1:15 a.m., defendant officers, acting in concert, arrested plaintiffs without cause at or within the vicinity of 157 Belmont Avenue, Brooklyn, New York, and charged plaintiffs with various crimes.

14. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

15. Prior to the arrest, Trevonne and some of his friends were socializing at a neighborhood gathering while his cousin, Gregory, had just left his apartment to search for his daughter at the gathering.

16. Immediately after Gregory arrived at the location of the arrest, defendant officers forcibly grabbed him and slammed him down on the floor causing him to sustain physical injuries.

17. When Trevonne inquired as to what was going on, defendant officers forcibly grabbed him too.

18. Defendant officers tightly handcuffed the plaintiffs causing them to sustain injuries.

19. Plaintiffs complained that the handcuffs were too tight and were causing them to experience pain and numbness.

20. Plaintiffs pleaded with defendant officers to remove or loosen the handcuffs.

21. Defendant officers ignored the plaintiffs' entreaties to remove or loosen the handcuffs.

22. Defendant officers forcibly placed the plaintiffs inside their police vehicle and transported the plaintiffs to NYPD-PSA2.

23. Defendant officers subjected the plaintiffs to an illegal search at the precinct or station house.

24. Defendant officers' illegal and unreasonable search of the plaintiffs did not yield any contraband.

25. Nonetheless, defendant officers continued to detain the plaintiffs at the precinct or station house.

26. After detaining the plaintiffs at the precinct or station house for a lengthy period of time, defendant officers caused legal processes to issue against the plaintiffs requiring the plaintiffs to appear in court to defend the false charge(s) levied against them.

27. On or about August 28, 2025, plaintiffs appeared in the criminal court as they were directed but were informed that the false charge(s) levied against them were dismissed and sealed.

28. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

29. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

30. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

31. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. The conduct of defendant officers, as described herein, amounted to false arrest.

33. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

34. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

35. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. Defendant officers denied plaintiffs their due process rights to be free from continued detention after it was or should have been known that plaintiffs were entitled to release.

37. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

38. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

39. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

40. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. Defendant officers unlawfully grabbed the plaintiffs, forcibly threw Gregory down, tightly handcuffed the plaintiffs, detained and searched them, and restrained the plaintiffs' freedom to walk away.

42. Defendant officers did not have any reasonable grounds to believe that the plaintiffs were engaged (or had planned to engage) in any criminal activity.

43. Defendant officers by their conduct as described herein subjected plaintiffs to unlawful stop & frisk and unreasonable search & seizure.

44. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

45. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

46. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 45 of this complaint as though fully set forth herein.

47. Defendant officers forwarded to the prosecutors their falsified records and statements.

48. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiffs.

49. Plaintiffs were required to appear in court to defend themselves from the false charges levied against them with malice by defendants.

50. Because of the conduct of the defendants, plaintiffs were maliciously prosecuted.

51. Eventually, the criminal proceedings terminated in plaintiffs' favor.

52. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

53. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

54. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the Stephens defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

55. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. Defendant officers manufactured evidence of criminality against the plaintiffs likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

57. The plaintiffs were deprived of their liberty as a result.

58. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

59. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers</u>

61. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. The conduct of defendant officers, as described herein, amounted to excessive use of force.

63. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

64. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>SEVENTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers</u>

65. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. Defendant officers arrested Trevonne in retaliation for inquiring about their conduct.

67. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

69. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 68 of this complaint as though fully set forth herein.

70. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

71. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

72. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

73. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

74. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are blacks,

on the pretext that they were involved in robbery, narcotics, drugs, guns, weapons and/or other illicit activities.

76. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

77. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

78. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

79. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and maliciously prosecute them. *See, e.g., Bilal Jacks v. City of New York* (Case No. 20 CV 1012).

80. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-73rd Precinct alleging, among other things, that the police officers unlawfully stopped and frisked, falsely arrested, and maliciously prosecuted the plaintiffs without probable cause. *See, e.g., Cvanti Sheppard v. City of New York* (Case No. 24 CV 1985); *Jayshawn Clemente v. City of New York* (23 CV 2702); *Bilal Jacks v. City of New York* (Case No. 20 CV 1012); *Trevonne King v. City of New York* (Case No. 19 CV 3361); *Warren Monk v. City of New York* (Case No. 18 CV 6458).

81. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant

City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

82. As a result of defendant City's failure to properly train, supervise, discipline, or screen its police officers, defendant officers unlawfully arrested the plaintiffs.

83. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

84. The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

85. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 6, 11, & 12 - against defendants

86. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

87. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and

immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

88. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

89. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

90. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

91. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 90 of this complaint as though fully set forth herein.

92. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

93. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

94. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

96. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

97. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 96 of this complaint as though fully set forth herein.

98. By reason of, and as a consequence of the conduct of defendant officers, plaintiffs sustained bodily injuries with the accompanying pain.

99. The conduct of the defendants, as described herein, amounted to assault and battery.

100. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

101. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 100 of this complaint as though fully set forth herein.

102. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

103. Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

104. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

105. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 104 of this complaint as though fully set forth herein.

106. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

107. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

108. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

109. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

110. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

111. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiffs' injuries.

SIXTEENTH CAUSE OF ACTION: TORTS (NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803) - against defendants

112. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 111 of this complaint as though fully set forth herein.

113. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting the plaintiffs and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

114. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
June 9, 2026

UGO UZOH, P.C.

Ugochukwu Uzoh

By: Ugochukwu Uzoh
Attorney for the Plaintiffs
56 Willoughby Street, Third Floor
Brooklyn, N.Y. 11201
Tel. No: (718) 874-6045
Fax No: (718) 576-2685
Email: u.ugochukwu@yahoo.com